**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PEDRO DECASTRO,<br><br>        Petitioner,<br><br>        v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,<br><br>        Respondent. | Case No. 22cv5444 (EP)<br><br>**OPINION** |

**PADIN, District Judge.**

Before the Court is Petitioner Pedro DeCastro's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 ("Petition"). D.E. 1. Respondent Attorney General of the State of New Jersey and DeCastro have both filed motions: (1) Respondent moves to dismiss the Petition as untimely, D.E. 8 ("Mot."); and (2) DeCastro moves for the appointment of pro bono counsel, D.E. 11.[1] For the reasons set forth below, the Petition will be **DISMISSED *sua sponte*** for lack of jurisdiction, the parties' respective motions will be **DENIED as moot**, and DeCastro will be **DENIED** a certificate of appealability.

**I.  BACKGROUND**

This Court defers to the state court's factual determinations pursuant to 28 U.S.C. § 2254(e)(1). The Court adopts the facts found by the New Jersey Superior Court Law Division, Essex County in its opinion denying DeCastro's post-conviction relief ("PCR") petition:

> On April 25, 2003, petitioner was arrested in Newark, NJ for several drug distribution offenses. He was subsequently indicted on these charges.

---

[1] The Court proceeds without oral argument. Fed. R. Civ. P. 78(b).

> In connection with these charges, petitioner completed a Uniform Defendant Intake Form ("UDIR") on January 26, 2004. This UDIR form reflects that petitioner was born in St. Tirso, Portugal, that he is a citizen of Portugal, and not a citizen of the United States. This form further reflects petitioner's representation to the probation officer that petitioner "was born in St. Tirso, Portugal, but raised in Newark, NJ by his mother."
>
> Seeking to resolve the 2003 Essex County drug offenses, petitioner applied to pre-trial intervention ("PTI"). In connection with Petitioner's PTI application, trial counsel sent a letter to the assistant prosecutor explaining that "Mr. DeCastro is subject to 'removal' from the United States as a 'deportable alien' if he is convicted of any type of drug offense other than a single offense involving possession for one's own use of 30 grams or less or marijuana….We ask that in evaluating his application the aforementioned is considered." A copy of this letter was forwarded to petitioner. The State approved petitioner's admission into PTI, conditioned on the entry of a guilty plea.
>
> On April 29, 2004, petitioner pled guilty before the Honorable Dennis Carey, J.S.C., to offenses including two drug distribution felonies. On the plea form, petitioner circled "Yes" to question 17 which read: "[d]o you understand that if you are not a United States citizen or national, you may be deported by virtue of your guilty plea?" Petitioner was admitted into PTI which he successfully completed.

D.E. 1-2 ("PCR Op.") at 3-4 (internal citations omitted). DeCastro was arrested in Essex County again, on April 15, 2006, and indicted "for eight (8) drug offenses including possession with intent to distribute cocaine (Count 3) and ecstasy (Count 6) within 1000' of a school; contrary to N.J.S.A. 2C: 35-7." *Id.* at 4. He pled guilty to Counts 3 and 6 on January 8, 2007 ("2007 Essex County drug offenses"). *Id.* The plea agreement was part of a global resolution, which also resolved an Essex County assault offense ("2007 Essex County assault offense"), and Union County drug offenses ("2007 Union County drug offenses"). *Id.*

The trial court conducted a plea colloquy with DeCastro to confirm his "familiarity with the plea form and his representation that its contents were accurate:"

2

> THE COURT: Mr. DeCastro, I'm going to have my court officer show you this plea form.  Appears to have your initials and your signature, sir.  Are those in fact your initials and your signature?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Did you go over that form with your attorney when you initialed it and signed it?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did you understand all the questions and answers, sir?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are all the answers truthful to the best of your knowledge?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you had enough time to discuss this plea with Mr. Orr?
>
> THE DEFENDANT:  Yes, your Honor.
>
> THE COURT: Any questions you wish to ask him or me before we continue?
>
> THE DEFENDANT:  No.
>
> On the plea form, "N/A" was circled in response to question 17 which reads: "[d]o you understand that if you are not a United States citizen or national, you may be deported by virtue of your guilty plea?"  The plea colloquy also included petitioner's factual basis to the 2007 Essex County drug offenses.

*Id.* at 4-5 (internal citations omitted).  The trial court accepted DeCastro's guilty plea "based upon the court's conclusion that petitioner's guilty plea was knowingly, voluntarily and intelligently entered." *Id.* at 5.

3

On March 2, 2007, DeCastro appeared for sentencing. "Counsel represented that he reviewed the [pre-sentence investigation] PSI contents with [DeCastro] and made several factual corrections to the PSI….Contrary to the 2003 UDIR, the 2007 UDIR and PSI reflect petitioner's place of birth as Newark, NJ and his citizenship as the United States." *Id.* "This PSI further reflects petitioner's representations to the probation officer that petitioner 'is a life-long resident of Essex County. He grew up in a tough neighborhood in Newark, NJ.'" *Id.* The trial court sentenced DeCastro to a four-year prison term. *Id.*; D.E. 8-7. DeCastro did not file a direct appeal and was released after serving four years in a New Jersey state prison. PCR Op. at 6.

"On October 11, 2016, petitioner was notified by U.S. Department of Homeland Security to appear for his removal proceedings. This immigration detainer reflects that the convictions which form the basis for removal proceedings are the 2007 Essex County drug offense and" a 2011 Union County conviction for drug offenses. *Id.* at 7.[2] DeCastro filed a PCR petition on January 10, 2019, alleging ineffective assistance of counsel in connection with his 2007 Essex County drug and assault charges. D.E. 8-8. The PCR court concluded an evidentiary hearing was necessary "to address whether 'trial counsel affirmatively misadvised [petitioner] of his immigration consequences, including the discussion of immigration consequences in Essex County; and whether trial counsel affirmatively misadvised him concerning any delay in filing a PCR application in Essex County…..'" PCR Op. at 7 (alteration and omission in original). *See also* 5T & 6T.[3]

---

[2] DeCastro's guilty plea to the Union County offenses was later vacated due to "the affirmative misadvise [sic] provided to petitioner by [his] retained immigration attorney, namely that he was not subject to deportation based upon a conviction for a third degree drug distribution offense…." PCR Op. at 7. This is relevant because DeCastro relied on this decision for his claim that his 2007 Essex County trial counsel was ineffective.

[3] 1T = Transcript of Plea in Essex County Superior Court, dated January 8, 2007; D.E. 8-14.

4

The PCR court heard testimony from DeCastro and trial counsel at the evidentiary hearing. 6T.  The PCR court concluded that the PCR petition was untimely under New Jersey Court Rule 3:22-12 because it did not find DeCastro's claims that trial counsel had mispresented the immigration consequences of the plea credible.  PCR Op. at 8.[4]  Instead, the PCR court found that DeCastro had affirmatively misrepresented his immigration status to trial counsel and court staff in 2007.  PCR Op. at 8; 2T at 5:15-16.  The PCR petition was dismissed on March 16, 2020.  D.E. 8-9.

DeCastro appealed to the New Jersey Superior Court, Appellate Division ("Appellate Division"), on June 23, 2020.  D.E. 8-10.  The Appellate Division "affirm[ed] substantially for the reasons set forth in Judge Cronin's comprehensive, written opinion."  *State v. DeCastro*, No. A-3893-19, 2022 WL 287940, at *1 (N.J. Super. Ct. App. Div. Feb. 1, 2022) ("Essex County Appeal"); D.E. 8-11.  The New Jersey Supreme Court denied certification on June 16, 2022.  *State v. DeCastro*, 251 N.J. 206 (2022) (Table); D.E. 8-12.  DeCastro filed his Section 2254 petition on September 7, 2022.  D.E. 1 ("Pet.").

Respondent now moves to dismiss the petition as time barred.  Mot.  DeCastro opposes, Opp'n, and moves for appointment of pro bono counsel, D.E. 11.

---

2T = Transcript of Plea in Union County Superior Court, dated January 29, 2007; D.E. 8-15.

3T = Transcript of Sentence in Essex County Superior Court, dated March 2, 2007; D.E. 8-16.

4T = Transcript of Sentence in Union County Superior Court, dated March 9, 2007; D.E. 8-17.

5T = Transcript of PCR Hearing in Essex County Superior Court, dated December 18, 2019; D.E. 8-18.

6T = Transcript of PCR Hearing in Essex County Superior Court, dated February 7, 2020; D.E. 8-19.

[4] The PCR court refers to this claim as "Claim 3" throughout its opinion.

5

## II. LEGAL STANDARD

### A. Subject Matter Jurisdiction

Lack of subject matter jurisdiction may be raised by a district court *sua sponte* at any time. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986); *Van Holt v. Liberty Mutual Fire Ins. Co.*, 163 F.3d 161, 166 (3d Cir. 1998). "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy," and "a federal court [lacks] the power to render advisory opinions." *U.S. Nat'l Bank of Oregon v. Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 445 (1993) (quoting *Preiser v. Newkirk*, 422 U.S. 395 (1975)).

28 U.S.C. § 2254 gives a district court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only on the ground that the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). Accordingly, if the inmate is not "in custody," within the meaning of Section 2254(a), a district court will lack jurisdiction over the habeas petition.

### B. Timeliness

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a habeas petition. *See* 28 U.S.C. § 2244(d)(1). Under Section 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

6

> States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*[5]

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations. 28 U.S.C. § 2244(d)(2). "In determining whether a petition is 'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'" *Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004) (quoting *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001)).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction Is Lacking

Before Respondent's motion to dismiss can be considered on the merits, the Court must determine whether it has jurisdiction under Section 2254. The Court concludes it does not have jurisdiction because DeCastro was not in custody when he filed the Petition.

Section 2254 permits a district court to entertain a habeas petition on behalf of a person in state custody, pursuant to the judgment of a state court, "only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a)

---

[5] DeCastro's conviction became final after AEDPA's April 24, 1996 effective date; therefore, he is subject to its one-year statute of limitations.

7

(emphasis added).  "[C]ustody is the passport to federal habeas corpus jurisdiction.  Without custody, there is no detention.  Without detention, or the possibility thereof, there is no federal habeas jurisdiction."  *U.S. ex rel. Dessus v. Com. of Pa.*, 452 F.2d 557, 560 (3d Cir. 1971).  A petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

Physical confinement is the easiest way to establish custody, but DeCastro wrote "N/A – Released" under "Place of Confinement" in his initial filing.  Pet. at 2.  The record provided by Respondent indicates DeCastro received a four-year sentence on March 2, 2007.  D.E. 8-7 at 2.  It is not clear when DeCastro was released from prison, but DeCastro was arrested in Elizabeth, New Jersey on April 17, 2011, so he must have been released before that date.  *Id.* at 6.  Therefore, it appears that DeCastro served his entire 2007 sentence before he filed his Petition on September 7, 2022.  The Supreme Court has "never held…that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed."  *Maleng*, 490 U.S. at 491 (emphasis in original).

Although "custody" for purposes of Section 2254 does not end at physical confinement, there are no facts in the petition or DeCastro's subsequent filings that would support a finding of custody.  *See Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) (cleaned up) (noting that Section 2254(a) custody "also applies where individuals are subject both to significant restraints on liberty which were not shared by the public generally, along with some type of continuing governmental supervision").  DeCastro has not provided facts suggesting that he was subject to state supervision or a significant restraint on his liberty in 2022 as the result of his 2007 convictions.  A notice of removal hearings is insufficient for DeCastro to be "in state custody," even though the removal notice relied on the 2007 charges.  *See Mainali v. Virginia*, 873 F. Supp.

8

2d 748, 751-52 (E.D. Va. 2012) ("[A] habeas petitioner is unable to meet the jurisdictional 'in custody' requirement of § 2254 where, as here, the petitioner is involved in ongoing immigration proceedings as a result of a state conviction that had already fully expired at the time the habeas petition was filed."); *Harvey v. People of the City of New York*, 435 F. Supp. 2d 175, 178 (E.D.N.Y. 2006) ("[W]hen a petitioner's sentence has been fully discharged, collateral immigration consequences stemming from the conviction are not sufficient to satisfy the 'in custody' requirement of Section 2254.").

DeCastro's 2007 sentence appears to have been fully expired at the time he filed his Petition, and the record does not suggest that he was subject to the kind of restraints on his liberty that are necessary to meet the "in custody" standard. Accordingly, DeCastro was not "in custody" pursuant to the judgment of a state court when he filed this Petition, therefore, the Court must dismiss the Petition for lack of jurisdiction.

B.  **Timeliness Issue Would Make an Amendment to the Petition Futile**

Although the Petition will be dismissed for lack of jurisdiction, the Court considers the timeliness issue raised in Respondent's motion to dismiss, to the extent that it would make an amendment to the Petition futile.[6] The Court finds that because DeCastro's Petition is untimely, then an amendment thereto would be futile.

DeCastro did not file a direct appeal of his 2007 convictions. His convictions, therefore, became final on April 16, 2007, 45 days after March 2, 2007. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that if prisoners do not seek Supreme Court review, "judgment becomes final…when the time for pursuing direct review in this Court, or in state court, expires"); N.J. Ct.

---

[6] However, Respondent's motion will be denied as moot.

R. 2:4-1(a) (providing for 45 days to file an appeal of a criminal judgment). One year later would have been April 16, 2008, long before DeCastro filed his Petition in 2022.

DeCastro urges the Court to begin the calculation on October 11, 2016, the date when he was notified by U.S. Department of Homeland Security to appear for his removal proceedings. Opp'n at 2. *See* 28 U.S.C. § 2244(d)(1)(D) (calculating AEDPA's year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). In that instance, his Petition would have been due October 11, 2017. Under either timeline, the Petition is late absent some form of tolling.

*1.     Statutory Tolling*

"AEDPA's tolling mechanism provides that '[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection.'" *Martin v. Adm'r New Jersey State Prison*, 23 F.4th 261, 271 (3d Cir. 2022) (alteration and emphasis in original) (quoting 28 U.S.C. § 2244(d)(2)). New Jersey law governs this calculation.

The state courts dismissed DeCastro's PCR petition as untimely. "[T]ime limits on postconviction petitions are 'condition[s] to filing,' such that an untimely petition would not be deemed 'properly filed.'" *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (second alteration in original) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8, 11 (2000)). "[T]he AEDPA explicitly directs us to toll the statute of limitations only when a collateral petition for state relief was 'submitted according to the state's procedural requirements, such as the rules governing the time and place of filing.'" *Fahy*, 240 F.3d at 243 (quoting *Morris v. Horn*, 187 F.3d 333, 338 (3d Cir. 1999)). This Court is bound by the state courts' timeliness findings for DeCastro's PCR petition. *Merritt v.*

10

*Blaine*, 326 F.3d 157, 166 (3d Cir. 2003) ("[W]e are bound by the state court's finding that Merritt's second PCRA petition was untimely."). Accordingly, DeCastro's PCR petition was not properly filed within the meaning of AEDPA and did not toll the one-year clock.[7] DeCastro is not entitled to statutory tolling under Section 2244(d). The Court turns to DeCastro's argument that the Court should equitably toll the time.

2.   *Equitable Tolling*

DeCastro is also not entitled to equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. To satisfy the diligence prong of the equitable tolling analysis, "a petitioner must demonstrate that he has been pursuing his rights with 'reasonable diligence in the circumstances.'" *Martin*, 23 F.4th at 273 (quoting *Wilson v. Beard*, 426 F.3d 653, 660 (3d Cir. 2005)). In analyzing whether DeCastro's circumstances were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners…*but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Ross v. Varano*, 712 F.3d 784, 802-03 (3d Cir. 2013) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011)) (emphasis in original).

DeCastro argues that the Court should toll the time because he "has suffered injustice with conflicting judgements from the NJ Appellate Court. Petitioner used the same law firm to submit [PCR] petitions for both this indictment and a separate one from Union County. Petitioner was initially denied in Union County but successful in the Appellate Court. The Appellate Court agreed

---

[7] Additionally, the PCR petition was not filed until January 10, 2019, after the AEDPA period expired under both methods of calculation. There was no time left to toll even if the PCR petition had been accepted as timely. D.E. 8-8.

11

with Petitioner that he did have excusable neglect to relax the time-bar." Opp'n at 2 (*citing State v. DeCastro*, No. A-2992-18T4, 2020 WL 6742732 (N.J. Super. Ct. App. Div. Nov. 17, 2020) ("Union County Appeal")).[8] "Petitioner paid counsel in full and should not be time-barred because his attorney took an extra 6 months to file the PCR on [the Essex County Appeal] after he filed the [Union County Appeal]." *Id.*

The record before the Court does not warrant equitable tolling. "[A]ttorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation." *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004); *see also Holland v. Florida.*, 560 U.S. 631, 651-52 (2010) (cleaned up) ("[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling."). Attorney malfeasance, as opposed to negligence, may justify equitable tolling, but DeCastro cannot avail himself of this exception. The state courts explicitly found that trial counsel did not mislead DeCastro regarding the legal effect of his 2007 plea on his immigration status and that DeCastro had misled trial counsel regarding his immigration status. PCR Op. at 9-10. DeCastro has not provided clear and convincing evidence that the PCR court's credibility findings are incorrect, so the Court must presume they are correct. 28 U.S.C. § 2254(e)(1); *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 850 n.9 (3d Cir. 2017), *as amended* (July 18, 2017) ("There is no question…that credibility findings…are also presumed correct absent 'clear and convincing evidence' to the contrary…."). There are no extraordinary circumstances justifying equitable tolling on the record before the Court. The Petition is therefore untimely.

---

[8] In the Union County Appeal, the Appellate Division remanded for an evidentiary hearing to determine whether trial counsel misadvised DeCastro regarding the legal effect of his plea on his immigration status. *DeCastro*, 2020 WL 6742732, at *4. This was the purpose of the evidentiary hearing on DeCastro's Essex County convictions. *See* PCR Op. at 7.

*3.     Permitting DeCastro to amend the untimely Petition would be futile*

While the Court will not grant Respondent's motion to dismiss, the timeliness issue raised therein supports dismissing DeCastro's Petition with prejudice.

Although leave to amend is often freely given where there has been no undue delay, bad faith, or dilatory action, it will be denied where amendment would be futile. *See In re Merck & Co., Inc. Securities, Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007); *Russell v. Martinez*, 325 F. App'x 45, 46 (3d Cir. 2009) (permission to amend habeas petition "need not be granted where the amendment would be futile"). "'Futility' means that the [amendment] would fail to state claim upon which relief could be granted." *In re Merck & Co.,* 493 F.3d at 400 (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

Here, permitting DeCastro to amend his already untimely Petition would be futile because an amendment would not cure the timeliness issue. Accordingly, the Petition will be dismissed with prejudice.

**C.     Motion for Counsel**

DeCastro also seeks the appointment of pro bono counsel. D.E. 11. The Court will dismiss DeCastro's motion as moot because it will dismiss his Petition.

**IV.     CERTIFICATE OF APPEALABILITY**

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a Section 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

13

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000).

This Court will deny a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition for lack of jurisdiction or as untimely is correct.

## V.  CONCLUSION

For the reasons stated above, DeCastro's Petition will be **DISMISSED** *sua sponte* for lack of jurisdiction, the parties' respective motions will be **DISMISSED as moot**, and DeCastro will be **DENIED** a certificate of appealability.  An appropriate Order accompanies this Opinion

Dated: 8/3/2023

*Evelyn Padin*
Evelyn Padin, U.S.D.J.

14